IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel L Whigham, <br>     Petitioner, <br> v. <br> Jason Gunther, <br>     Respondent. | No. CV-24-02579-PHX-DJH (JZB) <br><br> **REPORT AND RECOMMENDATION** |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

Petitioner Daniel L. Whigham has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)

**I.  Summary of Conclusion.**

The Court previously sent two orders to the Petitioner with the correct address but an incorrect federal register number for Petitioner. Those orders were returned as undeliverable. On April 29, 2025, the Court discovered the error and sent a new Order to Show Cause to Petitioner directing "that on or before May 16, 2025, Petitioner shall file notice with the Court" that he received the Court's prior order. He was also ordered to advise if he received Respondent's Response brief. Petitioner has not responded to that order. Because Petitioner has failed to comply, he is not properly prosecuting his case. Petitioner's response to this Report and Recommendation is another opportunity for him to properly prosecute this case or face dismissal of his Petition.

## II. Background.

Petitioner raises two grounds for relief, claiming:

The Bureau of Prisons (BOP) is not allowing inmates who have a high or medium recidivism risk to "apply" their earned time credits (ETCs) toward their sentence and is "bank[ing]" the ETCs until the inmate receives a minimum or low risk score. Petitioner claims this policy is "in direct contradiction to Congress'[s] intent, and in violation of established law."

BOP is denying Petitioner ETCs from the date he was sentenced until the time he arrived at his BOP-designated facility. Petitioner contends "Congress intended for the ETCs to be available from the date a detained defendant's sentence is imposed." He asserts, however, that BOP's policy is that an inmate is eligible to earn ETCs only after the inmate "arrives at, or voluntarily surrenders at, the designated Bureau facility where the sentence will be served," not from when the inmate "is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."

(Doc. 5 at 1-2.)

## III. Petitioner's Habeas Petition.

On September 26, 2024, Petitioner filed the habeas petition. (Doc. 1.)

On January 15, 2025, Respondents filed a Response. (Doc. 12.)

### A. Legal Standard.

Petitioner has the general duty to prosecute this case, to keep the Court apprised of his current address, and to comply with the Court's orders in a timely fashion. *See* LRCiv 83.3(d); *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or a hearing. *Id.* at 633.

In determining whether Petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). This test is applicable to the dismissal of a habeas corpus petition for failure to prosecute.

**B.     Procedural Background.**

On December 19, 2024, the Court ordered a response, set a reply deadline, and mailed a copy of the order to Petitioner. (Doc. 5.) On December 30, 2024, the mailing to Petitioner was returned as undelivered. (Doc. 8.) On January 3, 2025, the Court issued an order that Petitioner "file a notice of change of address with the Court on or before January 17, 2025, or otherwise show cause why the action should not be dismissed for failure to prosecute." (Doc. 10.) On January 13, 2025, the order was returned as undeliverable stating "attempted-not known." (Doc. 11.) On January 15, 2025, the Response was filed. (Doc. 12.) Petitioner has not submitted a Reply.

On April 29, 2025, the Court consulted the Federal Bureau of Prisons inmate locator and noted that Petitioner's register number appearing on the site differs by one number from the one on the Court's docket. (Doc. 14.) The Court's docket listed Petitioner's federal register number as 60587-10." (Doc. 8.) Petitioner's Federal Register Number online is "60587-510." (Doc. 14.)[1] This number matches the number sent by Petitioner with the Petition, which is 60587-510. (Doc. 1-1 at 1.) It appears the Court previously left out a "5" in the number, even though Defendant's name, his address, and most of the number were correct.

So, on April 29, 2025, the Court sent a new Order to Show Cause to Petitioner directing "that on or before May 16, 2025, Petitioner shall file notice with the Court

---

[1] The website currently projects Petitioner's release date as February 25, 2027.

indicating whether he has received the Screening Order, this Order, or the filed Response (doc. 12), or show cause why this matter should not be dismissed for failure to prosecute." (Doc. 14.) This order has not been returned to the Court as undelivered.

### C.    Discussion.

In this case, the first two factors—public interest in expeditious resolution of litigation and the need to manage the docket—weigh in favor of dismissal. Petitioner's noncompliance is causing unreasonable delay and halting the Court's docket. *Carey*, 856 F.2d at 1441 ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

The third factor—prejudice to the opposing party—also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

The fourth factor—the availability of less drastic sanctions—ordinarily weighs against dismissal. However, the Court attempted to avoid dismissal by ordering Petitioner to show cause why this action should not be dismissed and expressly warned him that his failure to comply with the Court's orders could result in dismissal. (Doc. 14.) In so doing, the Court explored the only meaningful alternative to dismissal at its disposal and found that it was not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). This factor weighs in favor of dismissal.

The fifth factor—the general policy favoring resolution on the merits—ordinarily weighs against dismissal. It is, however, "the responsibility of the moving party to move [the case] towards [ ] disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Because Petitioner has failed to participate in his own legal action, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its

merits. This factor does not weigh in favor of, or against, dismissal.

Here, the Court directed Petitioner to confer with the Court by May 16, 2025, and advise whether he received the Response filed by Respondents. (Doc. 14.) Petitioner failed to respond to this Order. The Court will recommend the Petition be dismissed without prejudice unless Petitioner responds to this Report and Recommendation. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002) (district court did not abuse its discretion in dismissing federal habeas petition for failure to respond to a court order and failure to prosecute).

**IV.     Conclusion.**

Based on the above analysis, the Court recommends the Petition be dismissed if Petitioner fails to comply with this Court's order to prosecute his case. Given the unusual nature of the mailing history in the case, it is recommended the dismissal be without prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (doc. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

//
//
//
//
//

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 11th day of June, 2025.

Honorable John Z. Boyle
United States Magistrate Judge